UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENITA WILLIAMS, | ) | Case No.: 4:23 CV 01002 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| OHIO DEPARTMENT OF | ) | |
| REHABILITATION AND CORRECTION, | ) | |
| et al., | ) | |
| | ) | MEMORANDUM OPINION |
| Respondents | ) | AND ORDER |

*Pro se* petitioner Benita Williams, formerly incarcerated at the Ohio Reformatory for Women, is currently serving a three-year period of Adult Parole Authority Supervision. On May 17, 2023, Petitioner filed an Emergency Writ of Prohibition and an Amended Emergency Writ of Prohibition (ECF Nos. 1, 4). Petitioner appears to be challenging the conditions of her postrelease control. Specifically, she alleges that Respondents are attempting to force her to sign special terms and conditions with mandatory mental health treatment and mandatory behavioral modification medication. (ECF No. 4, PageID #34). Petitioner attached to her Petition copies of the conditions of supervision and grievance forms. (ECF Nos. 1-2 through 1-5).

Petitioner filed a document she captioned as an "Emergency Writ of Prohibition." A writ of prohibition, authorized under 28 U.S.C. § 1651, the All Writs Act, is utilized "'to prevent a court of peculiar, limited, or inferior jurisdiction from assuming jurisdiction of a matter beyond its legal cognizance.'" *Folley v. Foley*, No. 3:22-cv-065, 2022 U.S. Dist. LEXIS 54989, at *2 ( S.D. Ohio

Mar. 28, 2022) (quoting *Smith v. Whitney*, 116 U.S. 167, 176, 6 S. Ct. 570, 29 L. Ed. 601 (1886)); *see also State ex rel. Mayer v. Henson*, 97 Ohio St. 3d 276 ¶ 12, 2002-Ohio-6323, 779 N.E.2d 223 (2002) (under Ohio law). Therefore, if this Court, for example, lacked jurisdiction to decide Petitioner's case, then the Sixth Circuit could issue a writ of prohibition preventing this Court from proceeding. *Id.*

Here, Petitioner is challenging her state court sentence. Her Petition is therefore construed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, and this Court has jurisdiction to decide Petitioner's habeas corpus case. It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657, 117 S. Ct. 1573, 137 L. Ed. 2d 917 (1997). The Sixth Circuit has noted that "numerous federal decisions ... support the view that all Petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) for obtaining habeas relief from a state conviction. *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (emphasis original); *see also Allen v. White*, 185 Fed. Appx. 487, 490 (6th Cir. 2006). Therefore, regardless of the statutory label Petitioner placed on her habeas petition, the Petition is governed by 28 U.S.C. § 2254. *See Byrd v. Bagley*, 37 Fed. Appx. 94, 95 (6th Cir. 2002).

Promptly after the filing of a habeas corpus petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141

(6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

A federal district court may entertain a habeas petition filed by a person in state custody only on the ground that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). But before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a state prisoner must exhaust state remedies. *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509 (1982)).

Exhaustion is fulfilled once a state supreme court provides a convicted person a full and fair opportunity to review his or her claims on the merits. *Id.* (citing among authority *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302-03, 104 S. Ct. 1805, 1810, 80 L. Ed. 2d 311 (1984)). Exhaustion requires "fair presentation" of the federal claim "to the state courts, including the state court of appeals and the state supreme court." *Bray v. Andrews*, 640 F.3d 731, 734-35 (6th Cir.2011) (brackets omitted); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). To fairly present a federal claim, a state prisoner must present the state courts with "both the legal and factual basis" for the claim. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (emphasis in original); *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015). The petitioner bears the burden of establishing that he or she has properly and fully exhausted available state court remedies with respect to his or her habeas claims for relief. *See Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

Here, Petitioner attached to the Petition evidence of a grievance she filed with the respondents and the Regional Administrator's response. There is no suggestion in the Petition,

however, that Petitioner presented her grievance concerning the postrelease control portion of her sentence to the Ohio courts. Because Petitioner has not presented her claims to the Ohio Supreme Court, she has not given the state courts a fair opportunity to consider the merits of the claims she has presented in this petition. Petitioner has therefore not properly exhausted her state court remedies, and the Petition must be dismissed.

Accordingly, the Court DENIES the petition--construed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254-- and DISMISSES the action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/S/ SOLOMON OLIVER, JR.*
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

May 30, 2023